# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GRAY, JR., | CASE NO. CV-F-03-5814 AWI SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| GOVERNOR GRAY DAVIS, et al., | (Docs. 51 and 52) |
| Defendants. | |

Plaintiff Johnny Gray ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 17, 2005, plaintiff filed a motion seeking a preliminary injunction mandating the appointment of an independent medical examiner and medical treatment for radiation exposure and sickness; and prohibiting defendants from stalking, harassing, threatening, punishing, or retaliating against plaintiff in any way for filing this action and from transferring plaintiff to any other institution without his permission during the pendency of this suit.  (Doc. 51.)  On March 25, 2005, plaintiff filed a motion seeking a preliminary injunction prohibiting defendants from stalking, harassing, threatening, punishing, or retaliating against plaintiff in any way for filing this action and from transferring plaintiff to any other institution, except for Atascadero State Hospital, during the pendency of this suit.  (Doc. 52.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

1  a combination of probable success and the possibility of irreparable harm, or (2) that serious
2  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
3  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
4  demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
5  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
6  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
7  Id.

8  A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a
9  threshold and preliminary matter the court must have before it for consideration a "case" or
10 "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or
11 "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.
12 2d 1159, 1162-63 (9th Cir. 1972). Plaintiff's claim in this action stems from alleged sexual assaults
13 against plaintiff while plaintiff was at North Kern State Prison in Delano in 2002. The issuance of
14 the orders sought by plaintiff in his motions would not remedy the claim alleged in this action.[1]
15 Accordingly, the court lacks jurisdiction to issue such orders.

16 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for
17 preliminary injunctive relief, filed March 17, 2005, and March 25, 2005, be DENIED.

18 These Findings and Recommendations will be submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
20 **days** after being served with these Findings and Recommendations, plaintiff may file written
21 objections with the court. The document should be captioned "Objections to Magistrate Judge's
22 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
23 ///
24 ///
25 ///

---

[1] At this juncture, plaintiff has not stated any claims upon which relief may be granted under section 1983. Plaintiff has been ordered to file a second amended complaint within thirty days curing the deficiencies in his first amended complaint.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 25, 2005**                         /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE