# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GRAY, JR.,<br><br>           Plaintiff,<br><br>    v.<br><br>GOVERNOR GRAY DAVIS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. CV-F-03-5814 AWI SMS P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 51, 52, and 57 ) |

      Plaintiff Johnny Gray ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On April 25, 2005, the Magistrate Judge filed a Findings and Recommendations herein that recommended Plaintiff's motions for preliminary injunctive relief be denied. The Findings and Recommendations were served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed objections to the Findings and Recommendations on June 6, 2005.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. In his objections, plaintiff states that the defendants in this action have harmed him and he is unable to get medical care. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of

persons not before the court." <u>Zepeda v. United States I.N.S.</u>, 753 F.2d 719, 727 (9th Cir.1983). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. <u>Lebron v. Armstrong</u>, 289 F. Supp. 2d 56, 61 (D. Conn. 2003). Plaintiff seeks a preliminary injunction to receive medical care, not be transferred, and not be subjected to new harms. The underlying claim steams from alleged sexual assaults at North Kern State Prison in 2002. Plaintiff is no longer housed at North Kern State Prison. As explained by the Magistrate Judge, preliminary injunctive relief is designed to preserve the status quo regarding the substance of the case; it is not available for the purpose of litigating new harms. As plaintiff's motion seeks to redress possible new injuries, the preliminary injunction must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 25, 2005, is adopted in full; and
2. Plaintiff's motions for preliminary injunctive relief, filed March 17, 2005, and March 25, 2005, are DENIED.

IT IS SO ORDERED.

**Dated:   June 17, 2005**          /s/ Anthony W. Ishii
0m8i78                              UNITED STATES DISTRICT JUDGE