1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GRAY, JR., | CASE NO. 1:03-CV-5814-AWI-SMS-P |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR LEAVE TO AMEND AT A FUTURE TIME, AND DISMISSING INJUNCTIVE RELIEF CLAIMS AS MOOT |
| v. | |
| GOVERNOR GRAY DAVIS, et al., | |
| Defendants. | (Doc. 59) |
| | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS FILED AUGUST 13, 2004 AS MODIFIED HEREIN, DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE |
| _____/ | (Docs. 29 and 59) |

I.      Order

        A.      Appointment of Counsel, Leave to Amend, and Injunctive Relief

                1.      Procedural History

        Plaintiff Johnny Gray ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 13, 2003. On February 12, 2004, the Magistrate Judge dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983.  On April 16, 2004, plaintiff filed an amended complaint and on August 13, 2004, the Magistrate Judge issued a Findings and Recommendations recommending dismissal of this action, with prejudice, for failure

1

1  to state a claim upon which relief may be granted.  On September 30, 2004, the undersigned granted

2  plaintiff's request for an extension of time to file a second amended complaint and ordered plaintiff

3  to amend within ninety days.  On May 31, 2005, after being granted additional time by the

4  Magistrate Judge, plaintiff filed a second amended complaint.  In the body of his second amended

5  complaint, plaintiff requests the appointment of counsel, leave to amend after discovery, and an

6  injunction.  (2nd Amend. Comp., p. 48.[1])

7                    2.    Counsel

8        The Court cannot require an attorney to represent plaintiff.  Mallard v. United States District

9  Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  In certain exceptional

10  circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

11  1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method

12  of securing and compensating counsel, this Court will seek volunteer counsel only in the most

13  serious and exceptional cases.  "A finding of exceptional circumstances requires an evaluation of

14  both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims

15  pro se in light of the complexity of the legal issues involved.'"  Terrell, 935 F.2d at 1017 (citations

16  omitted).

17        In the present case, the Court does not find the required exceptional circumstances.  Even if

18  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

19  which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with

20  similar cases almost daily.  At this early stage in the proceedings, the Court cannot make a

21  determination that plaintiff is likely to succeed on the merits, and based on a review of the record

22  in this case, the Court does not find that plaintiff cannot adequately articulate his claims.  Terrell,

23  935 F.2d at 1017.  Plaintiff's motion shall therefore be denied.

24  ///

25  ///

26  _____

27  [1] Plaintiff's complaint is not paginated consecutively from the first page through the last page.  For the sake of clarity, the page numbers referred to by the Court in this order are the correct page numbers, had plaintiff

28  numbered the pages from one through forty-eight, as he should have.  The page numbers assigned by plaintiff are disregarded.

1            3.      Leave to Amend

2        Pursuant to Rule 15, "a party may amend the party's pleading once as a matter of course at

3 any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). "Otherwise, a party may

4 amend the party's pleading only by leave of court." Id. In this action, plaintiff has already amended

5 his complaint once as a matter of course under Rule 15(a). Therefore, any subsequent amendments

6 may be filed only with leave of the Court.

7        The Court will not grant plaintiff leave to amend at a future date uncertain. In the event that

8 plaintiff wishes to amend at some future point in time, plaintiff must file a motion seeking leave to

9 amend and must submit a proposed amended complaint with the motion. The Court will then

10 consider the motion.

11            4.      Injunctive Relief

12        When an inmate seeks injunctive or declaratory relief concerning the prison where he is

13 incarcerated, his claims for such relief become moot when he is no longer subjected to those

14 conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517,

15 519 (9th Cir. 1991). The events at issue in this action allegedly occurred at North Kern State Prison

16 in Delano, and plaintiff is no longer housed at North Kern. Therefore, plaintiff is not entitled to

17 injunctive relief, and his claims for such relief shall be dismissed.

18      B.      Screening of Second Amended Complaint

19            1.      Screening Requirement

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

22 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

25 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

28 ///

1       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

4   U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

5   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

6   standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg.

7   Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

8   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

9   U.S. 411, 421 (1969).

10           2.   Plaintiff's Section 1983 Claims

11           a)   Compliance with Rule 8 of the Federal Rules of Civil Procedure

12       The Court has reviewed plaintiff's second amended complaint and finds that it does not

13   comply with Rule 8 of the Federal Rules of Civil Procedure, which calls for a "short and plain

14   statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and

15   mandates that "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P.

16   8(e)(1).  Plaintiff's forty-eight page complaint is needlessly lengthy, and contains many extraneous

17   facts and legal arguments.  The complaint is also difficult to follow because it is rambling in many

18   parts and contains allegations that are entirely irrelevant to this action.  Because this action has been

19   pending for almost two years and is still is the screening stage, and because this is plaintiff's last

20   opportunity to amend, the Court will undertake screening the second amended complaint despite its

21   lack of compliance with Rule 8.  However, plaintiff is hereby warned that if he seeks leave to amend

22   in the future, his proposed amended pleading must comply with Rule 8.  If it does not, the Court will

23   not accept it.

24           b)   Correctional Officer Jane Doe

25       In his second amended complaint, plaintiff alleges that in March and April of 2002 while at

26   North Kern State Prison in Delano, he was sexually assaulted repeatedly by Kevin Barnett, his forty-

27   four year old cellmate.  Plaintiff alleges that at the time of these events, he was seventy years old,

28   ill, and on medication that made him sleepy.  Plaintiff alleges that he was incapacitated during the

1   assaults as a result of the medication he was on.  Plaintiff alleges that the defendants named in this

2   action violated his rights under the Eighth Amendment by failing to protect him from these sexual

3   assaults.

4        In the Findings and Recommendations filed on August 13, 2004, the Magistrate Judge found

5   that plaintiff's allegations did not give rise to any claims for relief under section 1983.  In his second

6   amended complaint, as in his original and first amended complaints, plaintiff alleges that defendant

7   Doe, a female correctional officer, witnessed inmate Barnett sexually assaulting him on several

8   occasions.  Plaintiff alleges that on one occasion, defendant Doe heard him cry out for help when

9   she was at the window of his cell watching, but she rushed away and failed to come to his aid.

10       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

11  conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452

12  U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must

13  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.;

14  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246

15  (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement,

16  prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk

17  of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

18       The deliberate indifference standard involves an objective and a subjective prong.  First, the

19  alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S.

20  825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must

21  "know of and disregard an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.

22  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane

23  conditions of confinement only if he knows that inmates face a substantial risk of harm and

24  disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 835.

25  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk,

26  or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Farmer, 511 U.S.

27  at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability,

28  ///

1    but rather, the official's conduct must have been wanton. <u>Farmer</u>, 511 U.S. at 835; <u>Frost v. Agnos</u>,

2    152 F.3d at 1128; <u>see also</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 330-32 (1986).

3         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

4    Punishment Clause depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8

5    (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive

6    to contemporary standards of decency." <u>Id</u>. at 8 (quotations and citations omitted). "[E]xtreme

7    deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

8    <u>Id</u>. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part

9    of the penalty that criminal offenders pay for their offenses against society, only those deprivations

10   denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

11   of an Eighth Amendment violation." <u>Id</u>. (quotations and citations omitted).

12        The allegation that defendant Doe watched the sexual assault through the window, alone, is

13   insufficient to give rise to a claim for relief for violation of the Eighth Amendment because there is

14   no indication that she knew an assault occurring. Viewing apparently consensual sexual acts

15   between inmates by correctional staff, without more, does not rise to the level of a constitutional

16   violation. However, plaintiff's allegation that during the assault on April 25, 2002, defendant Doe

17   heard him cry out for help but fled without doing anything to aid plaintiff is sufficient to give rise

18   to a claim for relief under section 1983. (2nd Amend. Comp., p. 20, 38.) Plaintiff's claims that prior

19   to April 25, 2002, defendant Doe observed inmate Barnett sexually assaulting him shall be

20   dismissed, with prejudice, because plaintiff has not alleged any facts that defendant knew he was

21   being assaulted and failed to protect him. <u>Farmer</u>, 511 U.S. at 837. Plaintiff may proceed in this

22   action on his claim that on April 25, 2002, defendant Doe heard him cry for help during the assault

23   and failed to protect him.

24              c)    <u>Inmate Kevin Barnett</u>

25        Plaintiff was previously advised that to state a claim under section 1983, a plaintiff must

26   plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him

27   of rights secured by the Constitution or federal statutes, <u>Gibson v. United States</u>, 781 F.2d 1334,

28   1338 (9th Cir. 1986), and that generally, private parties are not acting under color of state law. <u>See</u>

1   Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  Plaintiff has not alleged any facts that

2   support a claim that inmate Barnett, a private party, was acting under color of law.  Howerton v.

3   Gabica, 708 F.2d 380, 382 (9th Cir. 1983).  Accordingly, plaintiff's federal claim against defendant

4   Barnett shall be dismissed, with prejudice.[2]

5                              d)        Former Governor Gray Davis

6           Plaintiff names former Governor Gray Davis as a defendant.  The Eleventh Amendment bars

7   damages actions against state officials in their official capacity.  See Doe v. Lawrence Livermore

8   Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996);

9   Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  Therefore, any claim for relief against

10  defendant Davis in his official capacity is barred.  However, the Eleventh Amendment does not bar

11  suits seeking damages against state officials in their personal capacity.  See Hafer v. Melo, 502 U.S.

12  21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir. 1997), cert.

13  denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  "Personal-

14  capacity suits seek to impose personal liability upon a government official for actions [the official]

15  takes under color of state law.  See Kentucky v. Graham, 473 U.S. 159, 165 (1988).

16          Plaintiff may not sue defendant Davis in his personal capacity under section 1983 pursuant

17  to a theory of respondeat superior.  Rather, the causal link between defendant Davis and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th

19  Cir. 1979);  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941

20  (1979). Plaintiff must allege facts that would support a claim that defendant Davis either: personally

21  participated in the alleged deprivation of constitutional rights; knew of the violations and failed to

22  act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is

23  a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

24  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880

25  F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must

26

27  _____

28          [2] Plaintiff has been given the opportunity to amend on two occasions.  Plaintiff was warned that his second amended complaint was his final opportunity to amend.  Therefore, the claims that are not currently cognizable shall be dismissed.

                                                   7

1   be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit,

2   507 U.S. 163, 168 (1993).

3       Plaintiff has not alleged any facts that would support a claim that defendant Davis personally

4   participated in the alleged deprivation of constitutional rights; knew of the violations and failed to

5   act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is

6   a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

7   Hansen v. Black at 646.  For this reason, plaintiff fails to state a claim for relief against defendant

8   Davis under section 1983 and the claim shall be dismissed, with prejudice.

9                               e)     Defendant Richard Early

10      As with defendant Davis, plaintiff has not alleged any facts that would support a claim that

11  defendant Richard Early, Warden of North Kern, personally participated in the alleged deprivation

12  of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

13  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and

14  is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.  Plaintiff's general,

15  conclusory allegations that the level of violence at North Kern was such that defendant Early could

16  have and should have enacted policies addressing the violence, which would have saved plaintiff

17  from being raped, are insufficient.  (2nd Amend. Comp., p. 43-44.)  For this reason, plaintiff fails to

18  state a claim for relief against defendant Early under section 1983 and the claim shall be dismissed,

19  with prejudice.

20                              f)     Defendant Cal Terhune

21      Plaintiff's claim against defendant Terhune suffers from the same deficiencies that are fatal

22  to his claims against defendants Davis and Early.  Because plaintiff has not alleged any facts that

23  give rise to a claim for relief under section 1983 against defendant Terhune, the claim against

24  defendant Terhune shall be dismissed, with prejudice.

25                              g)     Additional Defendants

26                                     1)     Physicians Robertson, Cook, Chen, Mam, and Iway

27      In his second amended complaint, plaintiff names - for the first time - prison physicians

28  Robertson, Cook, Chen, Mam, and Iway.  Plaintiff alleges that prior to his incarceration, doctors with

1   the Veteran's Administration evaluated him and determined that he suffered from disabilities that

2   limited his ability to function on a daily basis and that his disabilities warranted his placement in a

3   medical hospital.  The basis of plaintiff's claims against defendants Robertson, Cook, Chen, Mam,

4   and Iway appears to be their alleged failure to accommodate his disabilities.  Plaintiff alleges that

5   if they had accommodated him, he would not have been placed in general population, where he was

6   celled with inmate Barnett and raped.

7        The events complained of occurred in March and April of 2002.  Plaintiff filed the original

8   complaint on June 13, 2003, and the first amended complaint on April 16, 2004.  Neither complaint

9   contained this claim, either against defendants Robertson, Cook, Chen, Mam, and Iway or against

10  unidentified Doe defendants.  Plaintiff was warned on two occasions that he may not add any new

11  claims or defendants to this action.  (Doc. 37, 2:22-25; Doc. 56, 2:23-28.)  Plaintiff's claim against

12  defendants Robertson, Cook, Chen, Mam, and Iway is not related to his sexual assault claim such

13  that amending to add the claim is permissible under the Court's earlier orders.  The addition of this

14  claim does not serve to cure the deficiencies found in his earlier complaints, and the nature of the

15  claim is such that plaintiff would have known of its existence during the course of this litigation.

16  Plaintiff will not be permitted to litigate the claim, and it shall be dismissed from this action.

17                    2)    Los Angeles County and Personnel

18       Plaintiff names the Los Angeles County Sheriff's Department, Los Angeles County Sheriff's

19  Deputy Rangel, and other unnamed deputies as defendants.  The basis of plaintiff's claim appears

20  to be that he was sexually assaulted while in Los Angeles County, prior to his transfer to North Kern.

21  (2nd Amend. Comp., p. 5-11, 27.)  Plaintiff may not litigate this new claim in this action.  (See Doc.

22  37, 2:22-25; Doc. 56, 2:23-28.)

23       Further, with respect to defendant Rangel, it appears that plaintiff is alleging defendant

24  conspired with inmate Barnett to rape plaintiff or somehow orchestrated the rape.  Plaintiff has not

25  alleged any facts that support a claim under section 1983 against defendant Rangel.  Farmer, 511

26  U.S. at 834, 837; Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-

27  Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff's conclusory

28  assertions of a conspiracy are insufficient to give rise to a cognizable claim.  Accordingly, the claims

9

1  against the Los Angeles County Sheriff's Department, Deputy Rangel, and unnamed Los Angeles

2  County Deputies shall be dismissed from this action.

3                    3)      <u>Doe Defendants</u>

4          Plaintiff names John and Jane Doe defendants one through five. (2nd Amend. Comp., p. 13,

5  44-46.)  With the exception of the Jane Doe officer who observed the sexual assault on April 25,

6  2002, plaintiff has not alleged any facts that give rise to a claim for relief under the Eighth

7  Amendment against other doe defendants. <u>Farmer</u>, 511 U.S. at 835.  Therefore, with the exception

8  of the one Jane Doe officer, all other Doe defendants are dismissed from this action.

9                    3.      <u>Plaintiff's State Law Claims</u>

10          In addition to the aforementioned federal claims, plaintiff alleges claims for relief against

11  inmate Barnett under California law. (2nd Amend. Comp., p. 21.)  Section 1708.5 of California's

12  Civil Code provides for damages and equitable relief for sexual battery.  In light of the fact that

13  plaintiff has stated a federal claim against defendant Doe for failing to protect plaintiff from sexual

14  assault by inmate Barnett, the Court will allow plaintiff to proceed against defendant Barnett on his

15  claim brought pursuant to section 1708.5.

16          Plaintiff also alleges claims for relief pursuant to section 1705.5 of the California Civil Code

17  and section 289(d)(2) of the California Penal Code.  Section 1705.5 does not exist, and has been

18  reserved for future legislation.  Accordingly, plaintiff's section 1705.5 claim shall be dismissed.

19          Section 289 of the Penal Code addresses forcible acts of sexual penetration and the

20  punishment for such acts.  A private right of action under a criminal statute has rarely been implied.

21  <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 316 (1979).  Where a private right of action has been

22  implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort

23  lay in favor of someone.'"  <u>Chrysler Corp.</u>, 441 U.S. at 316 (quoting <u>Cort v. Ash</u>, 422 U.S. 66, 79

24  (1975)).  The Court has reviewed the penal statute in question and there is no indication that civil

25  enforcement of any kind is available to plaintiff. <u>Cort</u>, 422 U.S. at 79-80; <u>Keaukaha-Panaewa Cmty.</u>

26  <u>Ass'n v. Hawaiian Homes Comm'n</u>, 739 F.2d 1467, 1469-70 (9th Cir. 1984).  Accordingly, plaintiff

27  fails to state a claim upon which relief may be granted under state law against defendant Barnett for

28  violation of section 289.

C.    Order

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion for the appointment of counsel, set forth in his second amended complaint filed May 31, 2005, is DENIED;

2.    Plaintiff's motion for leave to amend at a future date, set forth in his second amended complaint filed May 31, 2005, is DENIED;

3.    Plaintiff's claims for injunctive relief, set forth in his second amended complaint filed May 31, 2005, are DISMISSED from this action, without prejudice, as moot;

4.    The Findings and Recommendations filed on August 13, 2004, is adopted, as modified by this Order, as follows:

    a.    This action shall proceed on plaintiff's second amended complaint, filed May 31, 2005, against defendant Jane Doe under section 1983 for violation of the Eighth Amendment, and against inmate Barnett under California law for violation of section 1708.5 of the Civil Code;

    b.    Plaintiff's claims against defendants Davis, Early, and Terhune are dismissed from this action, with prejudice, for failure to state any claims upon which relief may be granted under section 1983;

    c.    Plaintiff's claims against defendants Robertson, Cook, Chen, Mam, Iway, the Los Angeles County Sheriff's Department, Deputy Rangel, unnamed Los Angeles County Deputies, and all other Does are dismissed from this action, without prejudice but without leave to amend in this action, for failure to state any claims upon which relief may be granted under section 1983;

    d.    Plaintiff's claims against defendant Barnett for violation of Section 1705.5 of the California Civil Code and Section 289(d)(2) of the California Penal Code are dismissed, with prejudice; and

    e.    Defendants Davis, Early, Terhune, Robertson, Cook, Chen, Mam, Iway, the Los Angeles County Sheriff's Department, Deputy Rangel, unnamed Los Angeles County Deputies, and all other Does except for the Jane Doe who

11

saw plaintiff being assaulted on April 25, 2002 are dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them; and

3.     This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:    July 15, 2005   **                      _____ **/s/ Anthony W. Ishii**_____
0m8i78                                             UNITED STATES DISTRICT JUDGE